IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ONTARIO D. DAVIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:14-cv-176 (MTT) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Defendant. | : | |
| _____ | : | |

## **RECOMMENDATION**

Before the Court is a Motion for Remand Under Sentence Six of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), filed by Defendant Commissioner Carolyn W. Colvin. Doc. 11. Because Defendant request that the above-styled case be remanded prior to filing an answer and has shown good cause for remand, it is hereby **RECOMMENDED** that this case be **REMANDED** pursuant to sentence six for further administrative action.

Pursuant to sentence six of 42 U.S.C. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). In the Motion, Defendant submits that she is unable to locate the claim file, and as such, Defendant is unable to prepare the certified administrative record. Defendant requests that this case be remanded so that the Appeals Council can continue to search for the materials missing from the claim file. If the claim file is located, the administrative record will be prepared and certified complete. If the claim file is not located, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record, to hold another hearing, and to issue a new decision.

In this case, Defendant has met the requirements for remand under sentence six. Defendant filed the instant Motion before the filing of an answer. Further, the legislative history of the Joint Conference Committee of Congress in reporting upon the Social Security Disability Amendments of 1980 reflects that the Committee intended lost or incomplete claim files to constitute "good cause" for remand under sentence six. H.R.Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980) ("Where, for example…the claimant's filed cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record…."). Therefore, Defendant's inability to locate the claim file constitutes good cause to remand the above-styled case. Further, Plaintiff has not filed any response in opposition to Defendant's request for remand under sentence six.

Accordingly, it is hereby **RECOMMENDED** that this case be **REMANDED** to the Appeals Council for further administrative action pursuant to Sentence Six of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Upon receipt of the Court's final remand Order, the Appeals Council will continue searching for the materials missing from the claim file. If the claim file is located, the certified administrative record will be prepared. If the claim file is not located, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record, to hold another hearing, and to issue a new decision

**SO RECOMMENDED**, this 7th day of August, 2014.

          s/ Charles H. Weigle_____
          Charles H. Weigle
          United States Magistrate Judge